**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **KEVIN LAWSON, Reg. No. 17310-002,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-288-WKW-CWB |
| ) | (WO) |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 wherein Kevin Lawson challenges his conviction and resulting sentence for possession of a firearm as a convicted felon. (Doc. 1).[1] For the reasons discussed below, the undersigned Magistrate Judge recommends that Lawson's motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

**I.    Background**

On March 23, 2018, Lawson pled guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 11-5). On November 29, 2018, the district court sentenced Lawson to 63 months in prison. (Doc. 11-3). The district court entered judgment the following day (Doc. 1-6), and Lawson did not appeal.

On April 20, 2020, Lawson filed his § 2255 motion asserting claims that counsel rendered ineffective assistance at sentencing by: (1) failing to argue that Lawson should receive credit for self-surrendering after he was arrested for DUI while on presentence release; (2) failing to point

---

[1] References to documents filed in this proceeding are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:17-cr-429) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

1

out that the firearm Lawson was convicted of possessing was not loaded; and (3) failing to object to the presentence report's recommendation that Lawson not receive credit for acceptance of responsibility because he was arrested while on presentence release. (Doc. 1 at pp. 4–11).[2]

On May 18, 2020, Lawson amended his § 2255 motion to add as a new claim that his conviction should be vacated in light of the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

## II.  Legal Standard

A prisoner is entitled to relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under … § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden of establishing that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

---

[2] Although Lawson's § 2255 motion was date-stamped as received by the court on April 27, 2020, Lawson avers that he signed the motion (and presumably placed it in the prison mailing system) on April 20, 2020. (Doc. 1 at pp. 1, 20). Under the prison mailbox rule, a pro se petition is deemed filed on the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993).

III.   Discussion

    A.   **Lawson's Claims for Ineffective Assistance of Counsel are Time-Barred.**

        1.   **Statute of Limitations**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing motions under § 2255. In pertinent part, the AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In Lawson's case, the district court entered its judgment on November 30, 2018. (Doc. 1-6). Because Lawson did not appeal within 14 days, *see* Fed. R. App. P. 4(b)(1)(A), his judgment of conviction became final—and the statute of limitations in § 2255(f)(1) began to run—on December 14, 2018. Lawson thus had until December 16, 2019 (the first business day after December 14, 2019) to file a § 2255 motion. However, he did not file his § 2255 motion until April 20, 2020, which was over 4 months after the limitation period expired.

3

Lawson has not shown that any provision in § 2255(f)(2), (3), or (4) applies to his claims for ineffective assistance of counsel, *i.e.*, he has not shown that a government-created impediment prevented him from filing a § 2255 motion raising claims for ineffective assistance of counsel at an earlier date, or that his ineffective assistance claims are based on a right newly recognized and made retroactive by the United States Supreme Court, or that the facts supporting the ineffective assistance claims could not have been discovered earlier by exercising due diligence. Accordingly, the limitation period in § 2255(f)(1) controls, and Lawson's claims for ineffective assistance of counsel are untimely.

### 2.     Equitable Tolling

The United States Supreme Court has held that the applicable limitation period "is subject to equitable tolling in appropriate cases," *Holland v. Florida,* 560 U.S. 631, 645 (2010), but has cautioned "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. The diligence required is reasonable diligence, not "maximum feasible diligence," and the extraordinary-circumstance prong requires a causal connection between the circumstance and the late filing. *Id*. at 653; *see also San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, … limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). As such, "[t]he petitioner bears the burden of showing that equitable tolling is warranted." *Id*.

Lawson argues that equitable tolling should be applied to excuse the untimely filing of his § 2255 motion because he was without access to his sentencing transcript and other court documents that might have been used to frame claims in a § 2255 motion. (Doc. 1 at pp. 16–20;

4

Doc. 25 at pp. 1–4). In that regard, the record reflects that Lawson filed a *pro se* motion in June 2019 seeking his sentencing transcript (Crim. Doc. 55) and that the Clerk of Court provided Lawson with instructions on how to pay for and receive the transcript (Crim. Doc. 56; Docs. 1-2 & 1-3). There is no indication in the record, however, that Lawson made reasonably diligent efforts to do so. Instead, a transcript of the sentencing hearing was generated only after Lawson filed his § 2255 motion.

Lawson also has failed to explain how he was prevented from timely filing his claims due to a lack of transcript or other court documents. Lawson was present at his criminal proceedings, including his sentencing, and would have known the bases on which he could have asserted any claims for ineffective assistance of counsel such that a transcript was not required to preserve the claims. *See Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) ("[E]quitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript not a basis for equitable tolling of one-year limitation period); *Robinson v. Johnson*, 313 F.3d 128, 142-43 (3d Cir. 2002) (petitioner's claim of deprivation of legal materials did not warrant equitable tolling); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.").

. **B. Lawson's Claims Under *Rehaif* are Procedurally Defaulted.**

Lawson bases his remaining claim for relief on the Supreme Court's interpretation of 18 U.S.C. § 922(g)(1) in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Under § 922(g)(1), it is unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm

or ammunition." A related provision, § 924(a)(2), adds that anyone who "knowingly violates" the first provision shall be fined or imprisoned for up to 10 years. Before *Rehaif*, to secure a felon-in-possession conviction under § 922(g)(1), the government had to prove: (1) that the defendant "knowingly possessed a firearm"; (2) that the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year"; and (3) that the firearm "was in or affecting interstate commerce." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). *Rehaif* extended the knowledge requirement to the second factor and now requires the government to prove that the defendant also "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

The Eleventh Circuit has held that "*Rehaif* announced a new rule of substantive law that applies retroactively" to § 2255 motions. *See Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2012). Therefore, the limitation period for bringing claims under *Rehaif* is controlled by § 2255(f)(3), which requires claims to be raised within one year of "the date on which the right asserted was initially recognized by the Supreme Court." Because the Supreme Court decided *Rehaif* on June 21, 2019, any § 2255 claim relying on *Rehaif* had to be asserted by June 21, 2020. Lawson asserted his *Rehaif* claim on May 18, 2020, which was within the extended limitation period. Nonetheless, the record reflects that Lawson's *Rehaif* claim—though timely—must be deemed procedurally defaulted.

### 1. Procedural Default

Lawson argues that his § 922(g)(1) conviction should be vacated in light of *Rehaif* because (1) his indictment did not allege he knew of his status as a convicted felon when he possessed the firearm, and (2) he was not informed during his guilty plea colloquy that a conviction under

6

§ 922(g)(1) requires that he knew of his status as a convicted felon when he possessed the firearm. (Doc. 4 at pp. 2–4).

Before presenting a claim in a § 2255 motion, a petitioner generally must advance a challenge to his conviction or sentence on direct appeal. *Lynn*, 365 F.3d at 1234. If a petitioner fails to raise the argument on direct appeal, then it is considered procedurally defaulted. *See Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) (applying the procedural default rule to a *Rehaif* claim based on an alleged involuntary guilty plea). If the procedural default is not waived by the government, a court can excuse procedural default only in two circumstances: when the petitioner demonstrates (1) cause for the default and actual prejudice from the alleged error or (2) actual innocence. *Lynn*, 365 F.3d at 1235; *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Here, Lawson did not raise his *Rehaif* argument on direct appeal. Rather, he has presented the argument for the first time in his § 2255 motion (specifically in his amendment), and the government has not waived procedural default as a defense. (*See* Doc. 11 at pp. 7–10). Therefore, the court must determine whether Lawson has shown that one of the exceptions to procedural default applies.

### a. Cause and Prejudice

"'[C]ause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner may demonstrate cause where a "claim is so novel that its legal basis is not reasonably available to counsel," *Bousley*, 523 U.S. at 622-23 (citing *Reed v. Ross*, 468 U.S. 1, 16, (1984)). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim

7

on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020).

Although *Rehaif* was decided after Lawson's conviction became final, a "*Rehaif* [argument] was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020). "'[T]he question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under the novelty exception' to the procedural default rule." *United States v. Easley*, No. 1:15-243-KD-B, 2021 WL 2653252 at *6 (S.D. Ala. June 28, 2021) (quoting *Anderson v. United States*, No. 19-24903-CIV-Martinez/Louis, 2020 WL 5803327 at *3 (S.D. Fla. Sept. 8, 2020)). *See also Davis v. United States*, No. 4:15-CR-19-CDL-MSH, 2021 WL 4768638, at *5 (M.D. Ga. July 12, 2021) (discussing numerous cases in this circuit holding that a *Rehaif* claim is not "truly novel" to provide cause to excuse procedural default).

But even if Lawson could show cause, there is no evidence of actual prejudice. To establish actual prejudice, the petitioner "must show that the error worked to his 'actual and substantial disadvantage,' not merely 'the possibility of prejudice.'" *Carlyle*, 836 F. App'x at 783 (quoting *Bane*, 948 F.3d at 1297). When it comes to the knowledge-of-status requirement of § 922(g)(1), "[t]he government's obligation to prove knowledge is not 'burdensome' and it may be inferred from circumstantial evidence." *Id*. (citing *Rehaif*, 139 S. Ct. at 2198). The record here contains ample evidence that Lawson knew of his status under § 922(g)(1), and there is no evidence in the record suggesting that Lawson would have decided not to plead guilty had he been informed of the knowledge-of-status requirement.

### b. Actual Innocence

The actual-innocence exception is exceedingly narrow and reserved only for extraordinary cases. *McKay*, 657 F.3d at 1198–99 (11th Cir. 2011); *Sawyer v. Whitley*, 505 U.S. 333, 341 (1992). Actual innocence is more than mere legal insufficiency; it means factual innocence. *Bousley*, 523 U.S. at 623; *McKay*, 657 F.3d at 1197. To establish actual innocence, a petitioner must show that, in light of new reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To prove actual innocence on a § 922(g)(1) conviction after *Rehaif*, a petitioner must show he had no knowledge that he had been convicted of a felony at the time he possessed the firearm. 139 S. Ct. at 2200; *see also Hatcher v. United States*, No. 2:10-CR-195, 2022 WL 4474915, at *2 (N.D. Ala. Sept. 26, 2022). However, "most people convicted of a felony know that they are felons." *Innocent*, 977 F.3d at 1082. And "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." *Id.* (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)).

Lawson appears to argue he did not know of his status as a convicted felon when he possessed the firearm that was the basis of his § 922(g)(1) conviction. (Doc. 4 at pp. 3–4). However, Lawson's presentence report reflects that he had previously been convicted of <u>numerous</u> felony offenses. (*See* Doc. 14-1 at pp. 8–12). Lawson was sentenced to a two-year term of imprisonment on one of those convictions and to four years and fifteen years, respectively, on two other convictions. (Doc. 14-1 at pp. 8–12, ¶¶ 33, 35, 48). *See Innocent*, 977 F.3d at 1083 ("[S]erving more than a year in prison provides circumstantial evidence of knowledge of felon status."). Not only that, and ATF investigation report reflects that Lawson placed a phone call from jail in which he made a statement indicating he knew he was not supposed to have a firearm.

9

(Doc. 11-7). Because the record contains overwhelming evidence that Lawson knew of his felon status when he possessed the firearm, the actual-innocence exception does not apply.

### C. Lawon's *Rehaif* Claim Fails on the Merits.

Even if Lawson's *Rehaif* claim were not procedurally defaulted, he still would not be entitled to relief.

#### 1. Defect In Indictment

The Eleventh Circuit has held that omission of the knowledge-of-status element from an indictment alleging a violation of § 922(g)(1) is not a fatal defect if the language of the indictment sufficiently tracks the language of the statute. *See United States v. Morales*, 987 F.3d 966, 978–79 (11th Cir. 2021); *United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020); *United States v. Moore*, 954 F.3d 1322, 1333, 1336–37 (11th Cir. 2020). Lawson's indictment stated as follows:

> On or about January 28, 2017, in Montgomery County, within the Middle District of Alabama, the defendant, KEVIN LAWSON, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: 1. Robbery in the Second Degree in the Circuit Court of Montgomery County, Alabama, case number CC-1995-1299; 2. Robbery in the Second Degree in the Superior Court of Los Angeles County, California, case number A954991; did knowingly possess a firearm, to wit: a Kel-Tec 9mm semiautomatic handgun and live ammunition, better descriptions of which are unknown, said firearms and ammunition having traveled in and affected interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

(Crim. Doc. 1 at p. 1). Although the indictment did not explicitly allege that Lawson knew of his status as a convicted felon, it did track—and directly reference—18 U.S.C. § 922(g)(1), which provides that "[i]t shall be unlawful for any person … who has been convicted in any court of … a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting commerce, any firearm or ammunition … ." *See* 18 U.S.C. § 922(g)(1). Because the indictment sufficiently tracked the language of the statute, Lawson is not entitled to relief.

### 2. Validity of Guilty Plea

The Eleventh Circuit has held that *Rehaif* challenges should be reviewed for plain error. *See, e.g., United States v. Scott*, 828 F. App'x 568, 571 (11th Cir. 2020); *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020); *McLellan*, 958 F.3d at 1118-20. "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "For the third prong of plain-error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different." *Scott*, 828 F. App'x at 572. "In the guilty-plea context, that means showing 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Lawson has failed to establish a reasonable probability that he would not have pled guilty had he been explicitly informed of the knowledge-of-status requirement. As discussed above, the record contains overwhelming evidence that Lawson knew of his felon status when he possessed the firearm. Moreover, the record is sufficiently clear that the government, if taken to trial, could prove Lawson knew of such status. Lawson therefore cannot establish a reasonable probability that his plea would have been different but for the alleged *Rehaif* error. *See Reed*, 941 F.3d at 1022 (finding that where the record clearly demonstrates that it would be implausible for the defendant to not have known his felony status, a *Rehaif* error does not affect his substantial rights); *see also Innocent*, 977 F.3d at 1082; *United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020).

## IV. Conclusion

For the foregoing reasons, it is the **RECOMMENDATION** of the Magistrate Judge that Lawson's § 2255 motion (Doc. 1) be **DENIED** without an evidentiary hearing and that this case **DISMISSED** with prejudice.

It is hereby **ORDERED** that objections to this Recommendation be filed no later than March 14, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the district court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 28th day of February 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**